IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JONATHAN HARVEY GILBERT,   ) | |
|     Petitioner,   ) | Case No. 7:23-cv-00574 |
| v.   ) | |
|    ) | By: Michael F. Urbanski |
| CHADWICK S. DOTSON,   ) | Chief United States District Judge |
|     Respondent.   ) | |

## MEMORANDUM OPINION

Jonathan Harvey Gilbert, a Virginia inmate proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges the validity of Gilbert's 1999 convictions in the Circuit Court of Tazewell County. For the following reasons, the court concludes that the petition must be dismissed as untimely.

## Background

On August 16, 1999, Gilbert was sentenced to life imprisonment after being convicted of first-degree murder and robbery. He did not appeal his convictions or sentence.

On July 18, 2022, Gilbert filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was dismissed on September 23, 2022. He also filed a state petition for a writ of actual innocence, which was dismissed on June 29, 2022. Gilbert alleges that both petitions were "summarily dismissed due to no new evidence." § 2254 Pet., ECF No. 4, at 10.

On September 5, 2023, this court received a petition from Gilbert that was docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. By order entered October 4, 2023, the court notified Gilbert of its intention to construe the filing as a § 2254 petition, warned him that the petition may be untimely, and gave him an opportunity to respond.

Gilbert responded to the order on November 13, 2023, by filing a form petition for a writ of habeas corpus under § 2254 that includes a section addressing the timeliness of the petition.

## Discussion

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period in which to file a federal habeas corpus petition under § 2254. 28 U.S.C. § 2244(d)(1). The period of limitation runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under subsection (A), the one-year period began to run from the date on which Gilbert's convictions became final. According to Gilbert's petition and state court records available online, the Circuit Court entered judgment against Gilbert on August 16, 1999. Consequently, Gilbert's convictions became final on September 15, 1999, when his time to file an appeal to the Court of Appeals of Virginia expired. See Va. Sup. Ct. R. 5A:6(a) (providing that a notice of appeal must be filed within thirty days after entry of final judgment).

Because Gilbert did not file the instant petition until September 2023, more than twenty years later, the petition is clearly untimely under § 2241(d)(1)(A).

Gilbert does not allege that any unconstitutional state action prevented him from filing a habeas corpus petition. Nor does he seek relief based on a newly recognized constitutional right. Accordingly, subsections (B) and (C) of § 2241(d)(1) do not apply. Additionally, Gilbert does not claim that he has recently learned facts about his convictions which were not previously known to him and which he could not have previously discovered through the exercise of due diligence. Consequently, subsection (d) does not apply, and Gilbert's petition is statutorily untimely.*

In response to the conditional filing order, Gilbert appears to argue that the one-year period of limitation should be equitably tolled. He argues that he had to work on his case himself after unsuccessfully trying to find an attorney to assist him in challenging his convictions. He also argues that his confession was coerced and that he is actually "innocen[t] on all [c]ounts." § 2254 Pet., ECF No. 4, at 18.

The United States Court of Appeals for the Fourth Circuit has explained that "equitable tolling is appropriate in those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en

---

* Because the one-year period of limitation had already expired by the time Gilbert filed his state habeas petition and his state petition for a writ of actual innocence, the filing of the state petitions did not toll the limitation period under § 2244(d). See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("A state court filing after the federal habeas filing deadline does not revive it.").

banc)). A litigant qualifies for equitable tolling only if he establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). "Equitable tolling has long been considered an extraordinary remedy in [the Fourth Circuit], and litigants face a considerable burden to demonstrate that it applies." CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

Gilbert's allegations fall short of satisfying the requirements of equitable tolling. Neither his status as a pro se litigant nor his inability to find an attorney constitutes the type of extraordinary circumstance that would excuse his failure to file a timely petition. See Firth v. Smelser, 403 F. App'x 321, 325 (10th Cir. 2010) ("Mr. Firth ultimately filed his habeas petition pro se, and his inability to find an attorney in no way excuses his failure to do so within the one-year limitations period."). As the Fourth Circuit has explained, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (concluding that a petitioner's misconception about the operation of the statute of limitations did not entitle him to equitable tolling).

Gilbert's allegations of actual innocence also fail. A viable claim of actual innocence must be supported with new, reliable evidence sufficient to persuade the court that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (citing Schlup v. Delo, 513 U.S. 298, 329

(1995)). Gilbert has not presented any new evidence in support of his federal habeas petition, and his conclusory assertions of actual innocence are insufficient to excuse his untimely filing.

## Conclusion

For the reasons stated herein, the court concludes that Gilbert's petition must be dismissed as untimely. An appropriate order will be entered.

Entered: January 17, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.01.17 11:33:50
-05'00'

Michael F. Urbanski
Chief United States District Judge